UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| REGINALD LEROY STEELS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-668-JD-MGG |
| BEACON MEDICAL HEALTH SYSTEM, MEMORIAL HOSPITAL EMERGENCY ROOM, | |
| Defendants. | |

OPINION AND ORDER

Reginald Leroy Steels, a prisoner proceeding without a lawyer, filed a letter that the court construes as a motion to waive the initial partial filing fee. (ECF 4.) Upon review of this filing and the inmate trust ledgers Mr. Steels previously submitted, this motion will be granted. Mr. Steels remains obligated to pay the filing fee in installments over time in accordance with 28 U.S.C. § 1915(b)(1).

Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint (ECF 1) to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Steels alleges that in February 2015, prior to his incarceration, he was taken by ambulance to Memorial Hospital after collapsing in his South Bend home. He was diagnosed with having low potassium, given a "huge pill," and discharged. In July 2017, while he was a pretrial detainee at the St. Joseph County Jail, he underwent a

stress test at Beacon Medical Health System but claims he was never given the results. He "bonded out" of the jail on September 1, 2017. Two weeks later, he ended up at a hospital in the Chicago suburbs and was told that he needed a stent because he had a "100 percent blockage" in one of his arteries. He claims the doctor also told him it appeared he had suffered a heart attack two or three years earlier. Based on these events, he sues Beacon Medical Health System and the "Memorial Hospital Emergency Room" for misdiagnosing him and/or failing to diagnose his heart condition.

Upon review, Mr. Steels is suing two private medical facilities, but private parties cannot be sued under 42 U.S.C. § 1983, because that statute only applies to government actors. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Additionally, at most he appears to allege medical negligence, which would not state a claim under the Fourteenth Amendment. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Assuming Mr. Steels's complaint could be read to allege a plausible federal claim, it is also untimely. Mr. Steels filed his complaint in August 2020,[1] and the

---

[1] Because Mr. Steels is an inmate, he is entitled to the benefit of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988). "A prisoner may invoke the rule by filing a notarized statement or sworn declaration providing the date on which the prisoner placed the filing in the prison's internal mail system[.]" *Johnson v. Piontek*, 799 F. App'x 418, 419 (7th Cir. 2020). Here, Mr. Steels does not provide the exact date when he gave the complaint to prison officials for filing, and instead only lists the month of August. (ECF 1 at 4.) His *in forma pauperis* motion, which was filed simultaneously with the complaint, was signed and dated August 6, 2020. (ECF 2 at 1.) Even if the court were to assume the complaint was tendered to prison officials separately on the first day of August 2020, it would be untimely for the reasons stated herein.

underlying events he describes occurred between February 2015 and September 2017. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is apparent that Mr. Steels was aware of his injuries, and their cause, at least as of September 2017 when he was treated at the Chicago hospital. Because he filed his complaint more than two years later, it is untimely. The statute of limitations is ordinarily an affirmative defense, but dismissal at the pleading stage is appropriate if it is clear from the face of the complaint that the action is untimely. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That is the case here.

Therefore, the complaint does not state a claim upon which relief can be granted and is subject to dismissal under 28 U.S.C. § 1915A. In the interest of justice, the court will allow Mr. Steels to amend his complaint if, after reviewing the court's order, he believes that he can state a timely, plausible claim for relief against the defendants in federal court. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1025 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **December 3, 2020**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on November 3, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT